v. Lovgren, 22504. Good morning, your honors, and may it please the court. I'm Adrian Koch from Katsky-Corens LLP, representing the plaintiff appellant Robert Malarczyk. Before you start, I understand that you're here as a member of the pro bono panel. Yes, your honor. And I want to thank you on behalf of the panel and the secretary. It is my great pleasure. Thank you for saying so. Mr. Malarczyk was prosecuted for driving while intoxicated and a handful of related traffic offenses, and he was acquitted by a unanimous jury after roughly 45 minutes of deliberation. But his acquittal didn't erase the lasting effects of that prosecution, which was based entirely on the word of the defendants to New York State troopers. The single open issue on this appeal is whether the district court erred in granting those defendants summary judgment, dismissing Mr. Malarczyk's malicious prosecution claim against them, which the district court did solely because it deemed their factual assertions admitted after Mr. Malarczyk didn't counter them in the manner required under Local Rule 56.1. Now, as a threshold issue, regardless of any local rule, on their summary judgment motion, it was the defendant's burden to demonstrate beyond factual dispute that there was probable cause to prosecute Mr. Malarczyk for each of the offenses of which he was ultimately acquitted. And regardless of Mr. Malarczyk's response to that motion, the acquittal was part of the summary judgment record. Now, we recognize that an acquittal doesn't automatically mean there wasn't probable cause. Of course, there are numerous situations where there can be probable cause to prosecute someone who turns out not to be guilty. And there are a number of examples of that cited in our brief. But here, the defendant sought summary judgment based on assertions that it was undisputed that they actually saw Mr. Malarczyk commit the offenses of which he was acquitted. That is- So in the context of this local rule from the Northern District of New York, is it not right that the response to the initial statement, 56.1 statement, was inadequate? It is correct that the response was inadequate in that it didn't- It didn't controvert a number of these statements. Not on a point-by-point basis. And we do not dispute that counsel below failed in that sense to comply with the rule. But our argument on appeal is that the motion itself did not, on its face, meet the defendant's initial burden on summary judgment because the defendant's- it was supported only by the defendant's self-serving testimony. Well, but isn't that- I have to say, I always flinch whenever anyone accuses the other side of offering self-serving testimony because I'm not ever sure what anybody's adversary offers. But isn't that sort of how summary judgment works, right? Each party marshals their own facts and then the other side marshals the contrary facts, right? You don't have- I mean, I don't think I've ever seen a summary judgment motion on one side that says here are the facts I think are true and lists also all the contrary facts from the other side. Do they? No, Your Honor. Respectfully, I'm sorry, I actually think that's wrong. On summary judgment, it is the moving party's burden to demonstrate that the facts are- that their assertions are established beyond factual dispute. And if you know that there's evidence in the record that goes the other way, then you shouldn't be telling the court that it's established beyond factual dispute. But then why do we have a response from the other side that says deny? I deny that. Look at, you know, Exhibit H, page 3. I mean, that's how it works. And then you go through and then the district court looks at everybody's evidence and figures out whether it's disputed or not. Well, let me take a step back, Your Honor, then and try and address it another way. The one piece of evidence that was in the record that is undisputed is the acquittal. And the acquittal, we respectfully submit, at the very least, creates an issue of fact as to whether Mr. Malarczyk did each of the things that the defendant troopers claim that they saw him do. And their argument about probable cause did not offer any explanation about how their assertions about probable cause could be true if he was, in fact, innocent of the offenses that they charged him with. Oh, that 100 percent could be true. That just means the jury didn't believe it beyond a reasonable doubt. The jury could have, hang on, the jury could have believed the police officers by a preponderance of the evidence and thought, but that's not the standard here, right? That's true, they could have, but this is summary judgment, and so inferences have to be drawn in favor of the non-moving party, and there is at least a possibility that the jury did not believe the troopers. But that doesn't really go, it seems to me that doesn't really go one way or the other to the jury verdict. It goes to whether there was evidence in the trial, testimony that could have offered. So, I mean, you could imagine a world of jury nullification, right, where there's no evidence at all on one side, but the jury quits anyway, whatever. It seems to me that if there is going to be, and I think if properly litigated, there clearly was evidence to controvert all of the things, all the assertions on behalf of the officers. But I think it goes back to the question of what do you do when you have a council party, as Mr. Melanchik was, who just completely blows off the rules, the local rules. I mean, what's a district court to do, I think is the question here. What's the district court to do? Clearly, I mean, I don't understand about faulting the other side here about what they put in or what they didn't. I think the question is can we fault the district court for not saying, well, you know what? The other side, Melanchik's lawyer has given me nothing, nothing, not a single citation to the record on the first half of these things. I'm supposed to look for the record? And I guess then the question is do we say yes, district court, when it's easy and there's a small record. Yeah, you know what? You've got to go through it all yourself. But once it gets tricky, we're not going to fault you. I mean, is that sort of the line you're asking us to draw? Actually, I would suggest it's a little different because I do recognize that the defendant's motion didn't, on its face, reveal that there was contrary evidence in the record apart from the acquittal, even though there clearly was and the defendants knew there was. And I would suggest, and this is in our brief, that they violated Rule 56.1 by coming to the court and saying these issues were undisputed when they weren't undisputed. But putting that aside, because I agree with you that the district judge had no way of knowing that from the face of the motion. But I would respectfully suggest that when a party moves for summary judgment and cites only its own testimony in support of a claim that material facts are undisputed, that in itself should raise a red flag for the district court. Because on summary judgment, the district court is supposed to disregard any evidence that a jury would not be required as a matter of law to believe. And normally, if you're the defendant moving for summary judgment, you cite here's an admission by the plaintiff, here's a document, not here's my testimony, when you know that the whole reason we're here in this case is Mr. Mlarchik's claim that he was innocent of the offenses with which he was charged. What is the rule that you're asking us to embrace? The case law, the unfailing precedent of this court already says that on summary judgment, you have to disregard all evidence in favor of the moving party that a jury would not be required to believe. And I'm suggesting that when a moving party comes in and supports their summary judgment motion only with their own testimony, and you know because the record made clear, their record made clear, that there's testimony of the opposing party in the record and they don't say, and here's where he recanted that or here's where he withdrew his claim of innocence or anything like that. So what is the purpose of local rule or any, actually, general rule 56.1? Local rule 56.1 works when everybody complies with it. And what I'm suggesting is that the defendant troopers here committed the first violation of that rule when they came and they said, these facts are established, established, beyond material factual dispute, when they knew that that wasn't true. This shouldn't be a gotcha. That violation should have been absolutely manifest to the district court. But that's why the district court could be faulted for not relying on it because on its face, it was so obviously non-compliant with the local rule? When you have an acquittal, which again, I realize doesn't- No, I understand there's reasons, but I'm trying to articulate the rule. On this record, that's why I'm saying on this record, there's an acquittal. The acquittal, at the very least, raises a question of fact as to whether Mr. Malarchick actually did what the troopers say they saw him do. There was also, by the way, and I just want to mention it, in the rule 56.1 statement, one thing that was actually supported by evidence with documents and transcript evidence is that both of these troopers had inconsistencies in their testimony. Trooper Lovgren, there's evidence that he testified falsely that he gave Mr. Malarchick his phone when Mr. Malarchick asked for it in custody to call a lawyer. He said he gave him the phone and he called his girlfriend instead. And the phone records confirm that he made no phone calls during the time he was in custody precisely because Trooper Lovgren refused to give him his phone while asking him to submit to chemical tests. So you're arguing that, and I just want to make sure that I completely understand your position. You're arguing that the defendants here, the appellees, violated local rule 56.1 because in submitting their 56.1 statement, they necessarily had to say these are issues that are not generally disputed, right? That's correct. And that was false. Right. One of our arguments is that their claim that these asserted facts were undisputed was false and that they knew that was not true. And was there any follow-up by counsel on that, that these were false allegations in violation of local rule 56.1? No, but there also was not a further opportunity for Mr. Malarchick's lawyer in the lower, there was no reply permitted. He had no further right of reply, and the lower court did not hear oral arguments. But his very first, he had an opportunity to respond, right? The defense filed their 56.1 statement. His reply could have said this is absolutely false. I mean, he filed something with the court. That's correct, Your Honor. And he filed a rule 56.1 statement that actually had his own recitation of the facts that was consistent with the sworn statements in his interrogatory responses that was in the record. It wasn't properly cited, but he did file a rule 56.1 statement in which he said I didn't do these things. Can I ask you this? If, let's say hypothetically, we were to rule against your client, would he have an action for malpractice against the lawyer who represented him in the trial court? I don't know that I'm prepared to comment on that, Your Honor. Fair enough. Fair enough. Okay, thank you very much. Thank you. Do you reserve some time for rebuttal, I believe? Yes. Counsel. Good morning, Your Honor. Good morning. The threshold issue here is whether the district court abused its discretion in deeming the facts in the defendant's statement of material facts as admitted. And under this court's holdings, it hasn't. You know, the rule itself warns of what the consequences are if you don't file a proper 56.1 statement, and counsel has conceded that the statement was improper. So what counsel has failed to articulate is what else the judge was supposed to do. In a case like this, under this court's holding and holds, the judge is supposed to do two things. The judge is supposed to make sure if the other party is kind of defaulting, which is kind of what this is, the district court is supposed to make sure that the citations in the moving party's statement of material facts, that there are record citations to support them, and secondly, to make sure that, indeed, those record citations support what's being asserted. Now, plaintiff here makes no assertion, makes no claim, that any of the statements in the defendant's statement of material facts are not supported by the citation given. There's a claim, at least as to the facts underlying the intoxication charge, that there is internally inconsistent testimony to which defendant cites in the statement, such that the dispute becomes apparent based on defendant's own cited testimonies. And actually, Plaintiff did cite in his 56.1 statement, for whatever reason, he did cite to the record as to those inconsistencies about whether or not it was, he saw him with a bowl of marijuana, and maybe it wasn't. Well, maybe I didn't really see it, but it was a motion that seemed kind of like it. There were some minor inconsistencies in the record that they did cite. I think it's important to remember that the defendant officers testified three different times. They testified at depositions. They testified at the criminal trial. They testified at the DMV hearing, at which the license was ultimately revoked. So the inconsistencies that have been pointed out really are kind of minor, whether or not he gave somebody a cell phone or they called their lawyer. They don't really go to whether or not there was probable cause to prosecute. And I would also add that as far as driving while intoxicated goes, there was a DMV finding that there was probable cause to charge him with that. And that probable cause really goes through- So what the DMV statute requires, the vehicle and traffic law, is that there be a showing that there was reasonable cause to make the arrest for driving while intoxicated. Okay, so that's not probable cause to charge. That wouldn't take into account, for instance, if the evidence showed that there was no sign of intoxication through the whole process of detaining him and taking him to the station and all of that. That wouldn't be something that would have been considered by the ALJ on the question of whether there was a- So the plaintiff was at that hearing. The plaintiff had the opportunity to cross-examine these officers and to testify. And the plaintiff did actually exercise the right to cross-examine, although he did not testify. What the ALJ found is that there was probable cause for this driving while intoxicated charge. And in the course of finding that, the ALJ also credited the officers specifically Officer Pasquale, that he saw the erratic driving, that he saw the plaintiff go through a red light, that he saw a can of beer spill out onto the ground. So I recognize under this court's holding in Zanghi, there is preclusive effect at least as far as probable cause goes to the driving while intoxicated. But I think that decision also kind of informs, it's not necessarily binding, whether or not there was- It supports our position that there was probable cause for the other traffic violations. Can I shift to, this is one of the arguments here that is very interesting to me. Sometimes we have things that we accept as a given because it's the way we've always known it. And I'm thinking about the way that summary judgment works. And I've certainly always experienced it as one side puts in their evidence and then the other side's got to come in and cite to the record where there's a conflict. The Seventh Circuit case that's cited in appellant's materials, the Gokha Vibaba case, basically looks at that vision and it says, no, that's actually wrong. Under the rule, when you file a Rule 56 statement, you're saying you have, you believe in good faith that there is no genuine issue of dispute as to the facts that you're attesting to. So when you do that, knowing that the other party's gone on record and said things contrary, that's actually violative of the rule. What's your answer to that? I thought about that a lot, Your Honor. And when I look at the language in 56-1A, it says, a short and concise statement of each material fact about which the moving party contends, contends there exists no genuine issue. So if there's kind of an objective, subjective element to both in a way. But in a case like this, remember there were 13 causes of action. Conspiracy, First Amendment freedom of expression or association, there were a lot of excessive force. So in a case like this, we're putting forth the things that we contend there's no genuine issue of material fact. And that if they have an issue with it, if they're going to dispute that, then it's up to them to dispute it. It's not for us to anticipate. And it doesn't use the word undisputed in the rule. It's not for us to anticipate what they're going to dispute. Here, as part of our fact showing, is the ALJ's hearing, the ALJ's decision, which kind of supports the trooper's testimony that, well, certainly as to the DUAI, it's kind of preclusive. And it supports the trooper's testimony or finding of credibility by a judicial officer that there was erratic driving, that there was going through a red light. So it's not just our testimony, it's not just the testimony of the troopers. There is this finding by that court to support what we say, we're contending of which there's no genuine issue. Right, but I assume that both the ALJ's determination, there may be preclusive, may or may not be preclusive effect as to some portion of the claim here. But neither the ALJ's determination nor the jury's determination is a fact, right? The jury's determination might suggest to the court, it might put the court on notice that there exists a body of contrary evidence. Otherwise, it seems very unlikely the jury would have acquitted. Isn't that also true for the ALJ? That it's not- Well, it's not a fact. I mean, again, it may by operation of law have some sort of preclusive effect, but it's somebody else's opinion based on looking at the facts. True, true, but I mean, as a legal matter, it has preclusive effect. I think what had to happen here, if you're assuming that we had a properly supported 56.1 on the other side. They'd still have to show some kind of intervening event that disrupted the probable cause or dissipated the probable cause that existed at the time of the arrest. At least as the DWI. And as to the other traffic violations, I don't think, even if you looked at this 56.1 that was filed here, and you just assumed that it was properly supported. The statements in there really don't create an issue of material fact as to whether or not there was probable cause to prosecute. There were statements saying that, they lied about this. Their testimony at the hearing different from their testimony at the criminal trial. But in minor ways, whether or not the plaintiff was called his lawyer, whether or not he was wearing what he was wearing, he could remember exactly what he was wearing. Yeah, but you couch that by saying, even putting aside that they didn't cite to the record. In his statement, he says, I didn't run the light, I didn't drive erratically, I didn't drive off the road. He makes the assertions, he just doesn't cite to the record. Well, it's very equivocal. He recounts his conversation with Officer Lovgren, when Officer Lovgren came on the scene. And he says, I told Officer Lovgren that I didn't go through the red light. But he doesn't really say it directly here. He has general denials that he didn't violate any laws. But it's a little bit cagey, frankly, and I don't understand why. But the things that he's pointing out are really kind of minor inconsistencies that don't create a genuine issue material fact as to whether or not there was probable cause to charge him with these traffic violations. And I would just add that the plaintiff's reliance on the fact that there was a jury verdict.  As we know, a jury can decide to find, it's impossible to know why a jury may return a particular verdict. But to assume that the jury somehow discredited everything the officer said, that's just improper. That would be a, the significance of the jury verdict is that he was a favorable termination. But that doesn't mean that if you get a favorable termination that it means that everything that the other side put on, or the prosecution put on was a lie. You just can't infer a failure to prove something beyond a reasonable doubt as a lie. Thank you very much. We'll hear the rebuttal. Thank you, your honors. I want to go back to the DWI charge because it's not correct to say that the administrative determination was based at all on Trooper DePasquale's testimony. The administrative determination that Trooper Lovegrin had probable cause to arrest Mr. Mlarchik was based on Trooper Lovegrin's claim that he smelled alcohol at the scene and on Mr. Mlarchik's refusal to submit to a field sobriety test. That was ultimately what the determination was based on. And that's important because Trooper Lovegrin never claimed to have smelled alcohol at any other point other than at the scene of the arrest, outdoors when Trooper Lovegrin was also in close proximity to Mr. Mlarchik's passenger. And the troopers agree that Mr. Mlarchik didn't exhibit any behavioral signs of intoxication when he was arrested. And there's no testimony that Trooper Lovegrin smelled alcohol while he was in close proximity to Mr. Mlarchik inside the police vehicle or at the trooper barracks. And what happened after that was it's undisputed that Mr. Mlarchik asked for his telephone in order to call a lawyer. And Trooper Lovegrin refused to give it to him. That's the one thing or one of the few things that Mr. Mlarchik supported with evidence in his rule 56.1 statement. And Trooper Lovegrin says, I gave him his phone and he called his girlfriend instead. But there is a genuine factual dispute about that. And if Trooper- How does that support the malicious prosecution? How does that fact undermine? We believe it interrupts probable cause because at that point, Trooper Lovegrin doesn't say, I still smelled alcohol on his breath. The reason for prosecuting him at that point is his refusal to submit to the chemical tests.  And if he had called a lawyer, the lawyer would have told him to take the tests. And Trooper Lovegrin should have to explain to a jury why he didn't give him his phone. We think that there's enough evidence in the record to support the conclusion that Trooper Lovegrin didn't give him his phone at that point. Because he wanted him to refuse to submit to the chemical test so that he would have a clean arrest. Because the man had not been drinking, he didn't smell of alcohol, he wasn't exhibiting any behavioral signs of intoxication. He was asking for his phone, and Trooper Lovegrin just kept on asking him to take chemical tests. Instead of giving him his phone to call a lawyer. The only other thing I want to say with respect to local rule 56.1, it says you have to support your assertions with a citation to the record where the fact is established. That doesn't mean where there's some evidence to support the fact, it's where the fact is established. Opposing a summary judgment motion, it's enough to point to some evidence that supports your position. Or as the defendants said in their brief, your version of the facts. That's enough to oppose summary judgment, but it's not enough to get summary judgment. To do that, you have to show that the fact is established, not that there's some evidence in the record of it. Is it just me, though, or is that counter to sort of the general practice around summary judgments? I mean, typically people file summary judgment anticipating that the other side is going to put in their own affidavits, because they've deposed them and they know what they're going to say. Right, but this isn't pleading, where I say, here's mine, now you show me yours. Everybody knows the full record. You shouldn't be moving for summary judgment unless you actually have evidence that shows the facts that you're asserting aren't in dispute, are actually not in dispute. If my client says the light was red and I know the other side said the light was green, I can't put in a rule 56.1 statement that it's undisputed that the light was red, and I never would. I just- I very much appreciate that, and that's why I appreciate that you're on the pro bono panel. So thank you very much. Thank you. Thank you. Thank you, Ms. Tidings. We're running the calendar, and I'll ask the Court of Deputy to adjourn for four minutes. Court stays adjourned.